Michael O. Hardison
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016-2078
(212) 779-9910

Attorneys for Non-Party TOM Shipping
Vermittlung GmbH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DEIULEMAR COMPAGNIA DI NAVIGAZIONE SPA,

                      Plaintiff,

   -against-

OVERSEAS WORLDWIDE HOLDING GROUP,
GULF OVERSEAS GENERAL TRADING, LLC,      07 Civ. 4655 (DAB)
GULF OVERSEAS, LLC,                                 ECF CASE
OVERSEAS SHIPPING AGENCIES,
MOS OVERSEAS SHIPPING VERMITTLUNG GMBH,
MAJDPOUR BROS. INTERNATIONAL SEA &
LAND TRANSPORT S.A., and
BORU INTERNATIONAL FREIGHT FORWARDING,

                      Defendants.
-----------------------------------------------------------------x

## HARDISON DECLARATION

      MICHAEL O. HARDISON, Esq., pursuant to the provisions of 28 U.S.C. § 1746, declares and states as follows:

      1.   I am a member of the Bar of the State of New York, I am admitted to practice before this Honorable Court, and I am a partner in the firm of Eaton & Van Winkle LLP, attorneys for Non-Party TOM Shipping Vermittlung GmbH ("TOM Shipping").

2. I make this Declaration in support of an application to vacate an attachment of certain assets of Non-Party TOM Shipping at The Bank of New York.

3. On June 1, 2007, Plaintiff Deiulemar filed a complaint in this Court (a copy of the complaint is attached to this Declaration as Exhibit 1). In the complaint, Plaintiff Deiulemar alleged a breach of charter party by certain named Defendants and asked the Court to authorize the issuance of Process of Maritime Attachment and Garnishment ("Process"). On June 4, 2007, the Court authorized the issuance of such Process (a copy of the Docket Sheet for this case is attached as Exhibit 2 – see Entry No. 3). Thereafter, the Process apparently was served on various garnishee banks including The Bank of New York.

4. On March 17, 2008, Non-Party TOM Shipping initiated a wire transfer in the amount of $2,406,195.00 in order to pay certain freight charges due in connection with TOM Shipping's charter of the M/V JOUDI (see accompanying Declaration of Assadollah Rahimzadeh dated April 4, 2008 ("Rahimzadeh Declaration" at ¶ 5).

5. On about March 20, 2008, while transiting New York through The Bank of New York, the wire transfer was attached as a result of the Process being issued in connection with the captioned proceeding (Rahimzadeh Declaration at ¶ 7). The restraint was caused by an address in the wire transfer for Non-Party TOM Shipping which referenced MOS Overseas Shipping Verrmittlung GmbH (one of the Defendants in the captioned proceeding)(Rahimzadeh Declaration at ¶ 8). The incorrect address for TOM Shipping in the wire transfer was due to an erroneous address for TOM Shipping in its Hamburg Bank's

database which resulted from a misunderstanding at the time TOM Shipping opened its account at the bank (Rahimzadeh Declaration at ¶¶ 9-10 and 11).

6. A review of the Complaint attached as Exhibit 1 makes it clear that Non-Party TOM Shipping is not a named Defendant in the captioned proceeding and that no allegations have been made against Non-Party TOM Shipping.

7. Yet, the property that has been attached at The Bank of New York is the property of Non-Party TOM Shipping (Rahimzadeh Declaration at ¶ 3).

8. It is improper under the case law of this Circuit to attach the property of a Non-Party to a proceeding (see accompanying Memorandum of Law) and the attachment of the sum of $2,406,195.00 at The Bank of New York should be vacated.

9. No prior application has been made for the relief requested here.

Dated: New York, New York
April 4, 2008

I declare under penalty of perjury that the foregoing is true and correct.

_____
Michael O. Hardison

# Exhibit 1

**07 CV 4655**

JUDGE BATTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DEIULEMAR COMPAGNIA
DI NAVIGAZIONE SPA

                        Plaintiff,         07 CV

-v-

                                            **VERIFIED COMPLAINT**

OVERSEAS WORLDWIDE HOLDING GROUP,
GULF OVERSEAS GENERAL TRADING LLC,
GULF OVERSEAS LLC, OVERSEAS SHIPPING
AGENCIES, MOS OVERSEAS SHIPPING
VERMITTLUNG GMBH, MAJDPOUR BROS
CUSTOMS CLEARANCE, MAJDPOUR BROS
INTERNATIONAL SEA & LAND TRANSPORT
S.A., and BORU INTERNATIONAL FREIGHT
FORWARDING,
                        Defendants.
-------------------------------------------------------x

      Plaintiff, DEIULEMAR COMPAGNIA DI NAVIGAZIONE SPA (hereinafter "DEIULEMAR"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendants, OVERSEAS WORLDWIDE HOLDING GROUP, GULF OVERSEAS GENERAL TRADING LLC, GULF OVERSEAS LLC, OVERSEAS SHIPPING AGENICES, MOS OVERSEAS SHIPPING VERMITTLUNG GMBH, MAJDPOUR BROS CUSTOMS CLEARANCE, MAJDPOUR BROS INTERNATIONAL SEA & LAND TRANSPORT S.A., and BORU INTERNATIONAL FREIGHT FORWARDING, alleges upon information and belief as follows:

### JURISDICTION

      1.    The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff, DEIULEMAR, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principal place of business at Torre del Greco, Naples, Italy.

3. At all times material hereto, Defendant, OVERSEAS WORLDWIDE HOLDING GROUP (hereinafter "OWHG"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 2nd Floor, Kafrang Building, No. 135, North Kheradmand Avenue, Tehran – 15859, Iran.

4. At all times material hereto, Defendant GULF OVERSEAS GENERAL TRADING LLC (hereinafter "GOGT"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at Dubai, United Arab Emirates.

5. At all times material hereto, Defendant GULF OVERSEAS LLC (hereinafter "GO"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at Dubai, United Arab Emirates.

6. At all times material hereto, Defendant OVERSEAS SHIPPING AGENCIES (hereinafter "OSA"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place

of business at 2nd Floor, Kafrang Building, No. 135, North Kheradmand Avenue, Tehran – 15859, Iran.

7. At all times material hereto, Defendant MOS OVERSEAS SHIPPING VERMITTLUNG GMBH (hereinafter "MOS"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at Neuer Wall 8, D-20354, Hamburg, Germany.

8. At all times material hereto, Defendant MAJDPOUR BROS CUSTOMS CLEARANCE (hereinafter "MBCC"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 2nd Floor, Kafrang Building, No. 135, North Kheradmand Avenue, Tehran – 15859, Iran.

9. At all times material hereto, Defendant MAJDPOUR BROS INTERNATIONAL SEA & LAND TRANSPORT S.A. (hereinafter "MBSL"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 2nd Floor, Kafrang Building, No. 135, North Kheradmand Avenue, Tehran – 15859, Iran.

10. At all times material hereto, Defendant BORU INTERNATIONAL FREIGHT FORWARDING (hereinafter "BIFF"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 2nd Floor, Kafrang Building, No. 135, North Kheradmand Avenue, Tehran – 15859, Iran.

FACTS AND CLAIM

11. On or about June 4, 2003, DEIULEMAR, as owner, and GOGT, as charterer, entered into a time charter-party for the M/V GIOVANNA IULIANO for a time charter trip via safe port(s), safe berth(s), with the intention of carrying steel products from the Black Sea to Iran.

12. The subject time charter-party agreement, memorialized on a New York Produce Exchange (NYPE) charter-party form, is a maritime contract.

13. Pursuant to the terms and conditions of the time charter-party agreement, (specifically Clause 2), the parties agreed that "whilst on hire the Charterers shall provide and pay for all the fuel except as otherwise agreed, Port Charges, compulsory Pilotages, Agencies, Commissions…and all other usual expenses…"

14. During the voyage contemplated by the time charter agreement, it was necessary for the vessel to transit the Suez Canal. As a result, the vessel incurred various expenses including transiting dues, mooring expenses and other expenses for the vessel's transit through the Suez Canal on or about July 14-15, 2003.

15. Specifically, the vessel incurred a total of US$178,943.76 of expenses at the Suez Canal.

16. In accordance with Clause 2 of the time charter-party, these expenses are to be paid by the charterer, GOGT. However, GOGT failed, refused and/or otherwise neglected to do so.

17. Thereafter, on or about February 18, 2004, DEIULEMAR received notice that Messrs Sphinx Shipping Agency, (agents at the Suez Canal), had instituted legal proceedings against DEIULEMAR as owner of the M/V GIOVANNA IULIANO as a result of GOGT's failure to pay the expenses incurred on or about July 14-15, 2003.

18. Again, despite further repeated demands for payment of these expenses, Defendant GOGT, in breach of the terms of the time charter-party agreement, has failed, neglected and/or otherwise refused to pay the expenses incurred by them at the Suez Canal as a result of the M/V GIOVANNA IULIANO's transit of the canal on or about July 14-15, 2003.

19. In accordance with the terms of the time charter-party agreement, disputes arising out of the time charter-party are to be resolved by arbitration proceedings in London.

20. London arbitration provides that the successful party is entitled to interest, costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount not less than US$125,000.00. Therefore, DEIULEMAR's total claim is US$303,943.76.

21. Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant GOGT and Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF that no separation exists between them and the corporate form of Defendant GOGT has been disregarded such that Defendant GOGT primarily transacted the business of Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF.

22. Upon information and belief, at all material times, Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF chartered the M/V GIOVANNA IULIANO in the name of Defendant GOGT such that Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF were the charterers of the M/V GIOVANNA IULIANO.

23. Upon information and belief, at all material times, Defendant GOGT and Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF have overlapping ownership, management, personnel and purposes such that Defendant GOGT and Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF did not operate at arms length.

24. Upon information and belief, at all material times, Defendant GOGT and Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF have had common addresses, common contact information such that the Defendant GOGT had no independent corporate identity from the Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF.

25. Upon information and belief, at all material times, there has been an intermingling of funds between Defendant GOGT and Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF.

26. Upon information and belief, at all material times, Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF have dominated, controlled and used the Defendant GOGT for their own purposes such that there is no meaningful difference between the several entities.

27. Upon information and belief, at all material times, Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF have disregarded the corporate form of Defendant GOGT to the extent that Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF were actually carrying on GOGT's business and operations as if the same were their own, or vice versa.

28.   Upon information and belief, Defendant GOGT utilizes the Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF to transfer funds through, to and from the Southern District of New York on its behalf.

29.   Upon information and belief, there are reasonable grounds to conclude that the Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF are the alter-egos of Defendant GOGT and, therefore, Plaintiff DEIULEMAR has a valid prima facie *in personam* claim against Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF based upon alter ego liability.

## BASIS FOR ATTACHMENT

30.   Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

31.   Plaintiff believes that some of these assets, to wit: bank accounts; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendants, GOGT, OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi Ltd.,

Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Chase Manhattan Bank, Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of the Defendants, up to the amount of USD $607,887.52 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
       June 1, 2007

                                      CHALOS, O'CONNOR & DUFFY, L.L.P.
                                      Attorneys for Plaintiff
                                      DEIULEMAR COMPAGNIA DI
                                      NAVIGAZIONE SPA

By:           _____
                                      George M. Chalos (GC-8693)
                                      366 Main Street
                                      Port Washington, New York 11050
                                      Tel: (516) 767-3600
                                      Fax: (516) 767-3605
                                      Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DEIULEMAR COMPAGNIA
DI NAVIGAZIONE SPA

                              Plaintiff,                   07 CV

-v-

                                                               **VERIFICATION OF**
                                                              **COMPLAINT**

OVERSEAS WORLDWIDE HOLDING GROUP,
GULF OVERSEAS GENERAL TRADING LLC,
GULF OVERSEAS LLC, OVERSEAS SHIPPING
AGENCIES, MOS OVERSEAS SHIPPING
VERMITTLUNG GMBH, MAJDPOUR BROS
CUSTOMS CLEARANCE, MAJDPOUR BROS
INTERNATIONAL SEA & LAND TRANSPORT
S.A., and BORU INTERNATIONAL FREIGHT
FORWARDING,
                                Defendants.
------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.       I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, DEIULEMAR COMPAGNIA DI NAVIGAZIONE S.P.A., herein;

       2.       I have read the foregoing Verified Complaint and know the contents thereof; and

       3.       I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.       The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
June 1, 2007

                              CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
DEUILEMAR COMPAGNIA DI
NAVIGAZIONE S.P.A.

By: _____
George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com

2

# Exhibit 2

ECF

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square - Suspense)
## CIVIL DOCKET FOR CASE #: 2:07-cv-04655-DAB

| | |
|---|---|
| Deiulemar Compagnia Di Navigazione SpA v. Overseas Worldwide Holding Group et al | Date Filed: 06/01/2007 |
| Assigned to: Judge Deborah A. Batts | Jury Demand: None |
| Cause: 28:1333 Admiralty | Nature of Suit: 120 Contract: Marine |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Deiulemar Compagnia Di Navigazione SpA**  represented by  **George Michael Chalos**
Chalos, O'Connor & Duffy, LLP
366 Main Street
Port Washington, NY 11050-3120
(516)767-3600
Fax: (516)767-3605
Email: gmc@codus-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
**Overseas Worldwide Holding Group**

**Defendant**
**Gulf Overseas General Trading, LLC**

**Defendant**
**Gulf Overseas, LLC**

**Defendant**
**Overseas Shipping Agencies**

**Defendant**
**Mos Overseas Shipping Vermittlung GMBH**

**Defendant**
**Majdpour Bros. International Sea & Land Transport S.A.**

**Defendant**

**Boru International Freight Forwarding**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/01/2007 | 1 | COMPLAINT against Boru International Freight Forwarding, Overseas Worldwide Holding Group, Gulf Overseas General Trading, LLC, Gulf Overseas, LLC, Overseas Shipping Agencies, Mos Overseas Shipping Vermittlung GMBH, Majdpour Bros. International Sea & Land Transport S.A.. (Filing Fee $ 350.00, Receipt Number 617059)Document filed by Deiulemar Compagnia Di Navigazione SpA.(tro) Additional attachment(s) added on 6/4/2007 (Becerra, Maribel). (Entered: 06/04/2007) |
| 06/01/2007 | | SUMMONS ISSUED as to Boru International Freight Forwarding, Overseas Worldwide Holding Group, Gulf Overseas General Trading, LLC, Gulf Overseas, LLC, Overseas Shipping Agencies, Mos Overseas Shipping Vermittlung GMBH, Majdpour Bros. International Sea & Land Transport S.A.. (tro) (Entered: 06/04/2007) |
| 06/01/2007 | | Magistrate Judge Gabriel W. Gorenstein is so designated. (tro) (Entered: 06/04/2007) |
| 06/01/2007 | | Case Designated ECF. (tro) (Entered: 06/04/2007) |
| 06/01/2007 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Deiulemar Compagnia Di Navigazione SpA. (tro) Additional attachment(s) added on 6/4/2007 (Becerra, Maribel). (Entered: 06/04/2007) |
| 06/04/2007 | 3 | ORDER FOR ISSUANCE OF A WRIT OF ATTACHMENT AND GARNISHMENT; The Clerk shall issue process of attachment and garnishment as prayed for in the Verified Complaint against all property, tangible or intangible, including funds, assets, et al including without limitation property held by or in the possession or control of the following garnishee(s): ABN AMRO Bank, American Express Bank, Bank of America, Bank of China, Bank of NY, Bank of Tokyo Mitsubishi, Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial Inc., Chase Manhattan Bank, Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Mashreqank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS, or any of their affiliates and any other garnishee(s) within this district upon whom a copy of the Process of Maritime Attachment and Garnishment herein may be served, in an amount up to US $607,887.52, as per Supplemental Rule E(5), plus interest and costs...; (Signed by Judge Deborah A. Batts on 6/4/07) (djc) Modified on 6/12/2007 (KA). (Entered: 06/11/2007) |
| 06/04/2007 | 4 | APPOINTING PROCESS SERVER; any associate, agent or paralegal of Chalos, O'Connor & Duffy, LLP, who is over the age of 18 and is not a party to this action be and is hereby appointed, in addition to the United |

| | | |
|---|---|---|
| | | States Marshal, to serve the Process of Maritime Attachment and Garnishment and Verified Complaint upon garnishee(s) listed in the Order, together with any other garnishee(s) who, based upon information developed subsequent hereto by the Plaintiff, may hold assets for or on account of the defendant...; (Signed by Judge Deborah A. Batts on 6/4/07) (djc) Modified on 6/12/2007 (KA). (Entered: 06/11/2007) |
| 06/04/2007 | | MARITIME ATTACHMENT AND GARNISHMENT ISSUED as to Boru International Freight Forwarding, Overseas Worldwide Holding Group, Gulf Overseas General Trading, LLC, Gulf Overseas, LLC, Overseas Shipping Agencies, Mos Overseas Shipping Vermittlung GMBH, Majdpour Bros. International Sea & Land Transport S.A. on 6/4/07 in the amount of $607,887.52. (djc) (Entered: 06/13/2007) |
| 03/04/2008 | 5 | ORDER: The Clerk of Court shall transfer this case to the suspense docket until the case, pursuant to Rule 20 of the Rules for the Division of Business among District Judges of the Southern District of New York, properly may be reassigned to this Court. (Signed by Judge Deborah A. Batts on 3/3/08) (db) (Entered: 03/04/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/25/2008 13:25:40 | | | |
| PACER Login: | ev0015 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:07-cv-04655-DAB |
| Billable Pages: | 2 | Cost: | 0.16 |