Michael O. Hardison
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016-2078
(212) 779-9910

Attorneys for Non-Party
TOM Shipping Vermittlung GmbH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DEIULEMAR COMPAGNIA DI NAVIGAZIONE SPA,

                            Plaintiff,

-against-

OVERSEAS WORLDWIDE HOLDING GROUP,
GULF OVERSEAS GENERAL TRADING, LLC,
GULF OVERSEAS, LLC,
OVERSEAS SHIPPING AGENCIES,
MOS OVERSEAS SHIPPING VERMITTLUNG GMBH,
MAJDPOUR BROS. INTERNATIONAL SEA &
LAND TRANSPORT S.A., and
BORU INTERNATIONAL FREIGHT FORWARDING,

                            Defendants.
-----------------------------------------------------------------x

07 Civ. 4655 (DAB)
ECF CASE

**NON-PARTY TOM SHIPPING VERMITTLUNG GMBH'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION BY ORDER TO
SHOW CAUSE FOR AN ORDER THAT ITS FUNDS BE IMMEDIATELY
<u>RELEASED FROM THE PLAINTIFFS' RULE B ATTACHMENT</u>**

Michael O. Hardison, Esq.
Edward W. Floyd, Esq. (of counsel)

## PRELIMINARY STATEMENT

Non-party TOM Shipping Vermittlung GmbH ("TOM Shipping") submits this Memorandum of Law in Support of its Motion by Order to Show Cause for an Order that Its Funds be Immediately Released from Plaintiff Deiulemar Compagnia di Navigazione Spa ("Plaintiff")'s Rule B Attachment.

## FACTS

The facts are fully set forth in the Declaration of Michael O. Hardison, Esq., dated April 4, 2008 ("Hardison Declaration"), and the Declaration of Assadollah Rahimzadeh, dated April 4, 2008 ("Rahimzadeh Declaration"), and, in the interest of brevity, will not be repeated here.

## ARGUMENT

### THE ATTACHMENT SHOULD BE VACATED BECAUSE IT IS WELL ESTABLISHED THAT ONLY PROPERTY BELONGING TO A NAMED DEFENDANT MAY BE ATTACHED PURSUANT TO RULE B

Rule B sets forth the process "by which a party may attach another party's assets." Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 438 (2d Cir. 2006). Conversely, Rule E(4)(f) provides the defendant an opportunity "to argue that the requirements of Rule B were not in fact met." Id. Indeed, Rule E(4)(f) provides that "any person claiming an interest in" the attached property shall be entitled to a prompt hearing. At the Rule E(4)(f) hearing, the plaintiff bears the burden to show that: "1) it has a valid prima facie admiralty claim against defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment." Id. at 445 (footnote omitted).

The attachment of funds belonging to a non-defendant must be vacated because the plaintiff attaching such assets cannot satisfy the requirements set forth in Aqua Stoli. See T & O Shipping, Ltd. v. Source Link Co., Ltd., No. 06 Civ. 7724, 2006 U.S. Dist. LEXIS 88153, at *12-15 (S.D.N.Y. Dec. 5, 2006) (Karas, J.). This is so because "*Rule B* only permits attachment of a named defendant's assets." Chiquita International Limited v. MV Bosse, 518 F.Supp.2d 589, 593 (S.D.N.Y 2007) (Leisure, J.) (citing T & O Shipping, Ltd., No. 06 Civ. 7724, 2006 U.S. Dist. LEXIS 88153; DS Bulk Pte. Ltd. v. Calder Seacarrier Corp., No. 05 Civ. 10146, 2006 U.S. Dist. LEXIS 39242 (S.D.N.Y. Jun. 13, 2006) (Stein, J.)). Specifically, "Rule B limits the scope of an attachment to a defendant who is named in a verified complaint." T & O Shipping, Ltd., No. 06 Civ. 7724, 2006 U.S. Dist. LEXIS 88153, at *12 (citing Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 269 (2d Cir. 2002), for the proposition that "'[i]n attachment and garnishment proceed-ings the persons whose interests will be affected by the judgment are identified by the complaint.'"); see also DS Bulk Pte. Ltd, No. 05 Civ. 10146, 2006 U.S. Dist. LEXIS 39242, at *5, ("The language of *Supplemental Rule B* clearly anticipates that only a 'defendant' will be subject to an order of attachment.").

The attachment of funds belonging to a non-party renders the plaintiff incapable of satisfying the requirements set forth in Aqua Stoli. The plaintiff cannot show that it has a *prima facie* maritime claim against the non-party. T & O Shipping, Ltd., No. 06 Civ. 7724, 2006 U.S. Dist. LEXIS 88153, at *13. Moreover, the plaintiff cannot demonstrate that it averred "as required by Rule B, that [the non-party] could not be 'found within the district.'" Id. at *14. Likewise, the plaintiff cannot show that it has located a defendant's property within the district where the concerned property belongs

2

to a non-party. Finally, there is also a statutory bar to such an attachment set forth in Rule E, which "applies to actions in personam with process of maritime attachment and garnishment," and provides as follows:

> In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

Rule E(2)(a).

In this matter, TOM Shipping is not a party to the proceeding. TOM Shipping is neither named as a defendant nor even referenced in the pleadings. (Hardison Declaration at ¶ 6 ). Yet, the assets that have been attached are the property of TOM Shipping. (Rahimzadeh Declaration at ¶ 3 ). Therefore, TOM Shipping's property is not subject to attachment pursuant to any order that has issued from the Court and the restraint of such assets, in the total amount of $2,406,195.00, is wrongful and the Court should order that the funds be immediately released.

## CONCLUSION

Wherefore, for all the foregoing reasons, the Court should grant TOM Shipping's Motion by Order to Show Cause for an Order that TOM Shipping's Funds be Immediately Released.

Dated: New York, New York
      April 4, 2008

                                  EATON & VAN WINKLE LLP

                                  By:   /s/ Michael O. Hardison
                                           Michael O. Hardison

                                           3 Park Avenue
                                         New York, New York 10016-2078
                                         (212) 779-9910

                                         Attorneys for Non-Party
                                         TOM Shipping Vermittlung GmbH