UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DEIULEMAR COMPAGNIA
DI NAVIGAZIONE SPA

                            Plaintiff,          07 CV 4655 (DAB)

-v-

                                                   **FIRST AMENDED**
                                                   **VERIFIED COMPLAINT**

OVERSEAS WORLDWIDE HOLDING GROUP,
GULF OVERSEAS GENERAL TRADING LLC,
GULF OVERSEAS LLC, OVERSEAS SHIPPING
AGENCIES, MOS OVERSEAS SHIPPING
VERMITTLUNG GMBH, MAJDPOUR BROS
CUSTOMS CLEARANCE, MAJDPOUR BROS
INTERNATIONAL SEA & LAND TRANSPORT
S.A., BORU INTERNATIONAL FREIGHT
FORWARDING, and TOM SHIPPING
VERMITTLUNG GMBH,
                          Defendants.
------------------------------------------------------------x



      Plaintiff, DEIULEMAR COMPAGNIA DI NAVIGAZIONE SPA (hereinafter

"DEIULEMAR"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and

for its Verified Complaint against Defendants, OVERSEAS WORLDWIDE HOLDING

GROUP, GULF OVERSEAS GENERAL TRADING LLC, GULF OVERSEAS LLC,

OVERSEAS SHIPPING AGENICES, MOS OVERSEAS SHIPPING VERMITTLUNG

GMBH, MAJDPOUR BROS CUSTOMS CLEARANCE, MAJDPOUR BROS

INTERNATIONAL SEA & LAND TRANSPORT S.A., BORU INTERNATIONAL

FREIGHT FORWARDING, and TOM SHIPPING VERMITTLUNG GMBH, alleges

upon information and belief as follows:

## JURISDICTION

1. The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff, DEIULEMAR, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principal place of business at Torre del Greco, Naples, Italy.

3. At all times material hereto, Defendant, OVERSEAS WORLDWIDE HOLDING GROUP (hereinafter "OWHG"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 2nd Floor, Kafrang Building, No. 135, North Kheradmand Avenue, Tehran – 15859, Iran.

4. At all times material hereto, Defendant GULF OVERSEAS GENERAL TRADING LLC (hereinafter "GOGT"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at Dubai, United Arab Emirates.

5. • At all times material hereto, Defendant GULF OVERSEAS LLC (hereinafter "GO"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at Dubai, United Arab Emirates.

6. At all times material hereto, Defendant OVERSEAS SHIPPING AGENCIES (hereinafter "OSA"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 2nd Floor, Kafrang Building, No. 135, North Kheradmand Avenue, Tehran – 15859, Iran.

7. At all times material hereto, Defendant MOS OVERSEAS SHIPPING VERMITTLUNG GMBH (hereinafter "MOS"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at Neuer Wall 8, D-20354, Hamburg, Germany.

8. At all times material hereto, Defendant MAJDPOUR BROS CUSTOMS CLEARANCE (hereinafter "MBCC"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 2nd Floor, Kafrang Building, No. 135, North Kheradmand Avenue, Tehran – 15859, Iran.

9. At all times material hereto, Defendant MAJDPOUR BROS INTERNATIONAL SEA & LAND TRANSPORT S.A. (hereinafter "MBSL"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 2nd Floor, Kafrang Building, No. 135, North Kheradmand Avenue, Tehran – 15859, Iran.

10. At all times material hereto, Defendant BORU INTERNATIONAL FREIGHT FORWARDING (hereinafter "BIFF"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an

office and principle place of business at 2nd Floor, Kafrang Building, No. 135, North Kheradmand Avenue, Tehran – 15859, Iran.

11. At all times material hereto, Defendant TOM SHIPPING VERMITTLUNG GMBH (hereinafter "TOM"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at Neuer Wall 8, D-20354, Hamburg, Germany.

12. At all times material hereto, Defendant TOM SHIPPING VERMITTLUNG GMBH (hereinafter "TOM"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at Forsterweg 22, D-22525, Hamburg, Germany.

## FACTS AND CLAIM

13. On or about June 4, 2003, DEIULEMAR, as owner, and GOGT, as charterer, entered into a time charter-party for the M/V GIOVANNA IULIANO for a time charter trip via safe port(s), safe berth(s), with the intention of carrying steel products from the Black Sea to Iran.

14. The subject time charter-party agreement, memorialized on a New York Produce Exchange (NYPE) charter-party form, is a maritime contract.

15. Pursuant to the terms and conditions of the time charter-party agreement, (specifically Clause 2), the parties agreed that "whilst on hire the Charterers shall provide and pay for all the fuel except as otherwise agreed, Port Charges, compulsory Pilotages, Agencies, Commissions…and all other usual expenses…"

16. During the voyage contemplated by the time charter agreement, it was necessary for the vessel to transit the Suez Canal. As a result, the vessel incurred various

expenses including transiting dues, mooring expenses and other expenses for the vessel's transit through the Suez Canal on or about July 14-15, 2003.

17. Specifically, the vessel incurred a total of US$178,943.76 of expenses at the Suez Canal.

18. In accordance with Clause 2 of the time charter-party, these expenses are to be paid by the charterer, GOGT. However, GOGT failed, refused and/or otherwise neglected to do so.

19. Thereafter, on or about February 18, 2004, DEIULEMAR received notice that Messrs Sphinx Shipping Agency, (agents at the Suez Canal), had instituted legal proceedings against DEIULEMAR as owner of the M/V GIOVANNA IULIANO as a result of GOGT's failure to pay the expenses incurred on or about July 14-15, 2003.

20. Again, despite further repeated demands for payment of these expenses, Defendant GOGT, in breach of the terms of the time charter-party agreement, has failed, neglected and/or otherwise refused to pay the expenses incurred by them at the Suez Canal as a result of the M/V GIOVANNA IULIANO's transit of the canal on or about July 14-15, 2003.

21. In accordance with the terms of the time charter-party agreement, disputes arising out of the time charter-party are to be resolved by arbitration proceedings in London.

22. London arbitration provides that the successful party is entitled to interest, costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount not less than US$125,000.00. Therefore, DEIULEMAR's total claim is US$303,943.76.

23. Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant GOGT and Defendants OWHG, GO, OSA, MOS, MBCC, MBSL, and BIFF that no separation exists between them and the corporate form of Defendant GOGT has been disregarded such that Defendant GOGT primarily transacted the business of Defendants OWHG, GO, OSA, MOS, MBCC, MBSL, and BIFF.

24. Upon information and belief, at all material times, Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF chartered the M/V GIOVANNA IULIANO in the name of Defendant GOGT such that Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF were the charterers of the M/V GIOVANNA IULIANO.

25. Upon information and belief, at all material times, Defendant GOGT and Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF have overlapping ownership, management, personnel and purposes such that Defendant GOGT and Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF did not operate at arms length.

26. Upon information and belief, at all material times, Defendant GOGT and Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF have had common addresses, common contact information such that the Defendant GOGT had no independent corporate identity from the Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF.

27. Upon information and belief, at all material times, there has been an intermingling of funds between Defendant GOGT and Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF.

28. Upon information and belief, at all material times, Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF have dominated, controlled and used the Defendant GOGT for their own purposes such that there is no meaningful difference between the several entities.

29. Upon information and belief, at all material times, Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF have disregarded the corporate form of Defendant GOGT to the extent that Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF were actually carrying on GOGT's business and operations as if the same were their own, or vice versa.

30. Upon information and belief, Defendant GOGT utilizes the Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF to transfer funds through, to and from the Southern District of New York on its behalf.

31. Upon information and belief, there are reasonable grounds to conclude that the Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF are the alter-egos of Defendant GOGT and, therefore, Plaintiff DEIULEMAR has a valid prima facie *in personam* claim against Defendants OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF based upon alter ego liability.

32. Upon information and belief, after the commencement of this action on June 1, 2007, Defendants, and/or agents acting on their behalf, GOGT, OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF created and established defendant TOM for the purpose of, *inter alia*, transferring funds through, to and from the Southern District of New York on their behalf.

7

33. Upon information and belief, there exists such unity of ownership and interest between Defendant TOM and Defendants GOGT, OWHG, GO, OSA, MOS, MBCC, MBSL, and BIFF that no separation exists between them and the corporate form of Defendant TOM has been disregarded such that Defendant TOM primarily transacts the business of Defendants GOGT, OWHG, GO, OSA, MOS, MBCC, MBSL, and BIFF.

34. Upon information and belief, Defendants GOGT, OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF transact business in the name of Defendant TOM such that Defendants GOGT, OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF are the transacting parties of business conducted under TOM's name.

35. Upon information and belief, Defendant TOM and Defendants GOGT, OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF have overlapping ownership, management, personnel and purposes such that Defendant TOM and Defendants GOGT, OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF did not operate at arms length.

36. Upon information and belief, Defendant TOM and Defendants GOGT, OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF have had common addresses, common contact information such that the Defendant TOM had no independent corporate identity from the Defendants GOGT, OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF.

37. Upon information and belief, there has been an intermingling of funds between Defendant TOM and Defendants GOGT, OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF.

38. Upon information and belief, Defendants GOGT, OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF have dominated, controlled and used the Defendant

TOM for their own purposes such that there is no meaningful difference between the several entities.

39. Upon information and belief, Defendants GOGT, OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF have disregarded the corporate form of Defendant TOM to the extent that Defendants GOGT, OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF were actually carrying on TOM's business and operations as if the same were their own, or vice versa.

40. Upon information and belief, Defendants GOGT, OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF utilize Defendant TOM to transfer funds through, to and from the Southern District of New York on their behalf.

41. Upon information and belief, there are reasonable grounds to conclude that the Defendant TOM is the alter ego of GOGT, OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF and, therefore, Plaintiff DEIULEMAR has a valid prima facie *in personam* claim against Defendants GOGT, OWHG, GO, OSA, MOS, MBCC, MBSL and BIFF based upon alter ego liability.

## BASIS FOR ATTACHMENT

42. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

43. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendants, GOGT, OWHG, GO, OSA, MOS, MBCC, MBSL, BIFF and TOM, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other

funds held by any garnishees in the district which are due and owing, or other property of the Defendants, up to the amount of USD $607,887.52 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Amended Verified Complaint;

  C. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
   April 9, 2008

              CHALOS, O'CONNOR & DUFFY, L.L.P.
              Attorneys for Plaintiff
              DEIULEMAR COMPAGNIA DI
              NAVIGAZIONE SPA

         By: _____
            George M. Chalos (GC-8693)
            366 Main Street
            Port Washington, New York 11050
            Tel: (516) 767-3600
            Fax: (516) 767-3605
            Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

DEIULEMAR COMPAGNIA
DI NAVIGAZIONE SPA

       Plaintiff,     07 CV 4655 (DAB)

-v-

              **VERIFICATION OF FIRST
              AMENDED COMPLAINT**

OVERSEAS WORLDWIDE HOLDING GROUP,
GULF OVERSEAS GENERAL TRADING LLC,
GULF OVERSEAS LLC, OVERSEAS SHIPPING
AGENCIES, MOS OVERSEAS SHIPPING
VERMITTLUNG GMBH, MAJDPOUR BROS
CUSTOMS CLEARANCE, MAJDPOUR BROS
INTERNATIONAL SEA & LAND TRANSPORT
S.A., BORU INTERNATIONAL FREIGHT
FORWARDING, and TOM SHIPPING
VERMITTLUNG GMBH
       Defendants.
----------------------------------------------------------x

   Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

   1.  I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, DEIULEMAR COMPAGNIA DI NAVIGAZIONE S.P.A., herein;

   2.  I have read the foregoing First Amended Verified Complaint and know the contents thereof; and

   3.  I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

   4.  The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose

verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
April 9, 2008

By: _____

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
DEUILEMAR COMPAGNIA DI
NAVIGAZIONE S.P.A.

George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com

2