Michael O. Hardison
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016-2078
(212) 779-9910

Attorneys for Defendant
TOM Shipping Vermittlung GmbH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DEIULEMAR COMPAGNIA DI NAVIGAZIONE SPA,

                      Plaintiff,

   -against-

OVERSEAS WORLDWIDE HOLDING GROUP,
GULF OVERSEAS GENERAL TRADING, LLC,        07 Civ. 4655 (DAB)
GULF OVERSEAS, LLC,                                        ECF CASE
OVERSEAS SHIPPING AGENCIES,
MOS OVERSEAS SHIPPING VERMITTLUNG GMBH,
MAJDPOUR BROS. CUSTOMS CLEARANCE,
MAJDPOUR BROS. INTERNATIONAL SEA &
LAND TRANSPORT S.A.,
BORU INTERNATIONAL FREIGHT FORWARDING,
and TOM SHIPPING VERMITTLUNG GMBH,

                      Defendants.
-------------------------------------------------------------------x

**VERIFIED ANSWER TO FIRST AMENDED VERIFIED COMPLAINT**

Defendant, TOM Shipping Vermittlung GmbH ("TOM"), by its attorneys, Eaton & Van Winkle LLP, for its Verified Answer, upon information and belief, alleges as follows:

    1.    Admits the allegations contained in Paragraph 1 of the First Amended Verified Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the First Amended Verified Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the First Amended Verified Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the First Amended Verified Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the First Amended Verified Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the First Amended Verified Complaint.

7. Admits the allegations contained in Paragraph 7 of the First Amended Verified Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the First Amended Verified Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the First Amended Verified Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the First Amended Verified Complaint.

11. Admits that Defendant TOM was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country but, except as so expressly

admitted, denies the remaining allegations contained in Paragraph 11 of the First Amended Verified Complaint.

12. Admits the allegations contained in Paragraph 12 of the First Amended Verified Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the First Amended Verified Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the First Amended Verified Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the First Amended Verified Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the First Amended Verified Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the First Amended Verified Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the First Amended Verified Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the First Amended Verified Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the First Amended Verified Complaint

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the First Amended Verified Complaint.

22. Admits that London arbitration provides that the successful party is entitled to interest, costs and legal fees but, except as so expressly admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the First Amended Verified Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the First Amended Verified Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the First Amended Verified Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the First Amended Verified Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the First Amended Verified Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the First Amended Verified Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the First Amended Verified Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the First Amended Verified Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the First Amended Verified Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the First Amended Verified Complaint.

32. Denies the allegations contained in Paragraph 32 of the First Amended Verified Complaint.

33. Denies the allegations contained in Paragraph 33 of the First Amended Verified Complaint.

34. Denies the allegations contained in Paragraph 34 of the First Amended Verified Complaint.

35. Denies the allegations contained in Paragraph 35 of the First Amended Verified Complaint.

36. Denies the allegations contained in Paragraph 36 of the First Amended Verified Complaint.

37. Denies the allegations contained in Paragraph 37 of the First Amended Verified Complaint.

38. Denies the allegations contained in Paragraph 38 of the First Amended Verified Complaint.

39. Denies the allegations contained in Paragraph 39 of the First Amended Verified Complaint.

40. Denies the allegations contained in Paragraph 40 of the First Amended Verified Complaint.

41. Denies the allegations contained in Paragraph 41 of the First Amended Verified Complaint.

42. Admits that Defendant TOM cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, admits that Defendant TOM has assets within this District but, except as so expressly admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the First Amended Verified Complaint.

43. Admits that a freight payment from Defendant TOM's bank in Germany was being transferred to a vessel owner's bank in Singapore via The Bank of New York but, except as so expressly, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the First Amended Verified Complaint.

## FIRST DEFENSE

44. The Court lacks jurisdiction over the person of Defendant TOM.

## SECOND DEFENSE

45. The First Amended Verified Complaint fails to state a claim upon which relief can be granted against Defendant TOM.

WHEREFORE, Defendant TOM prays as follows:

1. That the Court dismiss the First Amended Verified Complaint as against Defendant TOM;

2. That the Court award Defendant TOM its costs, disbursements and attorneys' fees; and

3. That the Court award Defendant TOM such other, further and different relief as may be just, proper and equitable in the premises.

Dated: New York, New York
      May 12, 2008

                             EATON & VAN WINKLE LLP

                      By: /s/ Michael O. Hardison
                           Michael O. Hardison

                           3 Park Avenue
                           New York, New York 10016-2078
                           (212) 779-9910

                           Attorneys for Defendant
                           TOM Shipping Vermittlung GmbH

## **VERIFICATION**

MICHAEL O. HARDISON, Esq., pursuant to the provisions of 28 U.S.C. § 1746, declares and states as follows:

1. I am a member of the firm of Eaton & Van Winkle LLP, attorneys for Defendant, TOM Shipping Vermittlung GmbH, and I make this Verification on behalf of Defendant.

2. I have read the foregoing Verified Answer and know the contents thereof, and the same are true to the best of my knowledge, information and belief.

3. The sources of my information and the grounds for my belief are communications and documents received from the London solicitors for Defendant and an examination of the papers relating to the matters in suit.

4. The reason that this Verification is made by the undersigned, and not by Defendant, is that Defendant is a foreign corporation or other business entity, no officer or director of which is presently within this District.

Dated: New York, New York
       May 12, 2008

I declare under penalty of perjury that the foregoing is true and correct.

                                                /s/ Michael O. Hardison
                                                Michael O. Hardison