UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
DEIULEMAR COMPAGNIA DI
NAVIGAZIONE, SPA,

             Plaintiff,

                                               07 Civ. 4655 (DAB)
    -against-                            ORDER

OVERSEAS WORLDWIDE HOLDING
GROUP, et al.,

             Defendants.
----------------------------------x
DEBORAH A. BATTS, United States District Judge.

    The Court is in receipt of Defendant TOM Shipping Vermittlung GmbH (hereinafter, "TOM"), dated April 24, 2008, and Plaintiff's response of May 9, 2008. Initially the Court notes that Defendant TOM, in seeking permission to file a Motion to Dismiss, has not read this Court's Individual Practices, which can be found at:

http://www1.nysd.uscourts.gov/cases/show.php?db=judge_info&id=294

    The Court deems these letters of the Parties to be letter briefs addressing Defendant TOM's Motion to Dismiss. The Court finds that the Plaintiff has pleaded alter-ego status sufficiently in its Amended Complaint. Courts evaluating whether a plaintiff has pleaded adequately an alter ego theory of liability weigh a number of considerations, "including whether the plaintiff has alleged that the alter egos intermingled funds; overlapped in ownership, officers, directors, and personnel;

1

shared common office space, addresses and telephone numbers; and/or whether payments or guarantees of one corporation's debts have been paid or held by the other." Fesco Ocean Management Ltd. v. High Seas Shipping Ltd., No. 06 Civ. 1055 2007 WL 766115, *2-3 (S.D.N.Y. March 12, 2007) (citation omitted).

In this case, Plaintiff's Amended Complaint alleges that many of these factors are present. Plaintiff alleges that Defendant TOM and additional Defendants have unity of ownership and interest; overlapping ownership, management, personnel, and purposes; common addresses and contact information; and, intermingled funds. (Am. Compl. ¶¶ 33-40). Defendant TOM argues that these allegations cannot be based "upon information and belief." This argument is without merit. See, Local 812 GIPA v. Canada Dry Bottling Co., No. 98 Civ. 3791, 1999 WL 301692, *8 (S.D.N.Y. 1999) ("MBD is simply wrong in its assertion that '[c]omplaints based on alter ego theory ... cannot be founded 'upon information and belief.''") Moreover, although they need not be at this stage of the litigation, some of these allegations are indeed supported by more specific pleading. For example, Plaintiff alleges that Defendant MOS Overseas Shipping Vermittlung GmbH and Defendant TOM share an office and principal place of business at the exact same address. (Am. Compl. ¶¶ 7, 11).

Accordingly, Defendant TOM's Motion to Dismiss the Amended Complaint is hereby DENIED.


SO ORDERED.

Dated:   New York, New York
         May 14, 2008

                                        _____
                                        DEBORAH A. BATTS
                                        United States District Judge